UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
NOV - 5 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

David E. Henderson,  )
              )
        Plaintiff,  )
              )
v.            )   Civil Action No. 08 1907
              )
              )
Condoleezza Rice,  )
              )
        Defendant.  )

## MEMORANDUM OPINION

Before the Court are plaintiff's complaint brought *pro se* and his motion to proceed *in forma pauperis*. The Court will grant the motion to proceed *in forma pauperis* and will dismiss the case pursuant to 28 U.S.C. § 1915(e). Under that statute, the Court is required to dismiss a case if it determines that the complaint, among other grounds, fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff, a resident of El Paso, Texas, alleges that he is a former Foreign Service Officer with the State Department. He claims that defendant, in her official capacity as Secretary of State, has no records pertaining to his employment, namely, payroll, retirement, medical and grievance records and, thus, has violated his rights under the due process clause, "the open records statute," the Privacy Act, the Freedom of Information Act ("FOIA"), the Foreign Service Grievance Act and the Federal Tort Claims Act. Compl. at 2-4. Plaintiff seeks injunctive relief and monetary damages of $81 billion. *See* Compl. at 10.

The FOIA's comprehensive remedial scheme addresses all claims relating to the disclosure of government records. *Johnson v. Executive Office for United States Attorneys*, 310 F.3d 771, 777 (D.C. Cir. 2002). Plaintiff's recourse, then, lies under the FOIA and only for



injunctive relief. Prior to obtaining judicial review, a FOIA requester ordinarily must exhaust his administrative remedies by filing a proper request with the agency and appealing any adverse determinations administratively. *Oglesby v. Dep't of the Army*, 920 F.2d 57, 65 (D.C. Cir. 1990). Because there is no indication that plaintiff has even submitted a proper FOIA request to the State Department, the Court will dismiss this action for failure to state a claim upon which relief may be granted.[1] A separate Order accompanies this Memorandum Opinion.

United States District Judge

Date: October 3, 2008

---

[1] The Privacy Act, which is designed to ensure the government's dissemination of accurate information about individuals, also provides an avenue for one to access his records maintained by an agency, *see* 5 U.S.C. § 552a(b), but it, too, requires exhaustion of administrative remedies prior to judicial review. *See Davis v. U.S.*, 84 Fed. Appx. 97 (D.C. Cir. 2003) (*citing Dickson v. OPM*, 828 F.2d 32, 40 (D.C. Cir. 1987)). As with his FOIA claim, plaintiff has not provided anything to indicate that he submitted a Privacy Act request to the State Department.